PETER DIETRICH, administrator, *vs.* INHABITANTS OF NORTHAMPTON.

Hampshire.    Sept. 17. — Oct. 27, 1884.    C. ALLEN & COLBURN, JJ., absent.

If a woman, between four and five months advanced in pregnancy, by reason of falling upon a defective highway, is delivered of a child, who survives his premature birth only a few minutes, such child is not a "person," within the meaning of the Pub. Sts. *c.* 52, § 17, for the loss of whose life an action may be maintained against the town by his administrator.

HOLMES, J.    The mother of the deceased slipped upon a defect in a highway of the defendant town, fell, and has had a verdict for her damages. At the time, she was between four and five months advanced in pregnancy, the fall brought on a

miscarriage, and the child, although not directly injured, unless by a communication of the shock to the mother, was too little advanced in fœtal life to survive its premature birth. There was testimony, however, based upon observing motion in its limbs, that it did live for ten or fifteen minutes. Administration was taken out, and the administrator brought this action upon the Pub. Sts. *c.* 52, § 17, for the further benefit of the mother in part or in whole, as next of kin. The court below ruled that the action could not be maintained; and we are of opinion that the ruling was correct.

The plaintiff founds his argument mainly on a statement by Lord Coke, which seems to have been accepted as law in England, to the effect that if a woman is quick with child, and takes a potion, or if a man beats her, and the child is born alive and dies of the potion or battery, this is murder. 3 Inst. 50. 1 Hawk. P. C. *c.* 31, § 16. 1 Bl. Com. 129, 130. 4 Bl. Com. 198. *Beale* v. *Beale,* 1 P. Wms. 244, 246. *Burdet* v. *Hopegood,* 1 P. Wms. 486. *Rex* v. *Senior,* 1 Moody C. C. 346. *Regina* v. *West,* 2 C. & K. 784; *S. C.* 2 Cox C. C. 500. We shall not consider how far Lord Coke's authority should be followed in this Commonwealth, if the matter were left to the common law, beyond observing that it was opposed to the case in 3 Ass. pl. 2; *S. C.* Y. B. 1 Ed. III. 23, pl. 18; which seems not to have been doubted by Fitzherbert or Brooke, and which was afterwards cited as law by Lord Hale. Fitz. Abr., *Enditement,* pl. 4; *Corone,* pl. 146. Bro. Abr. *Corone,* pl. 68. 1 Hale P. C. 433.

For, even if Lord Coke's statement were the law of this Commonwealth, the question would remain whether the analogy could be relied on for determining the rule of civil liability. Some ancient books seem to have allowed the mother an appeal for the loss of her child by a trespass upon her person. Abbrev. Plac. 26, col. 2 (2 Joh.) Lincoln. rot. 3. Fleta, I. *c.* 35, § 3, and Sir Samuel Clarke's note, citing 45 H. III. rot. 22. Which again others denied. 1 Britton, (Nichols's ed.) 114. See Abbrev. Plac. 295, col. 2 (29 Ed. I.) Norht. rot. 43. Kelham's Britton, 152, n. 14. But no case, so far as we know, has ever decided that, if the infant survived, it could maintain an action for injuries received by it while in its mother's womb. Yet

that is the test of the principle relied on by the plaintiff, who can hardly avoid contending that a pretty large field of litiga-tion has been left unexplored until the present moment.

If it should be argued that an action could be maintained in the case supposed, and that, on general principles, an injury transmitted from the actor to a person through his own organic substance, or through his mother, before he became a person, stands on the same footing as an injury transmitted to an existing person through other intervening substances outside him, the argument in this general form is not helped, but hindered, by the analogy drawn from Lord Coke's statement of the criminal law. For, apart from the question of remote-ness, the argument would not be affected by the degree of maturity reached by the embryo at the moment of the organic lesion or wrongful act. Whereas Lord Coke's rule requires that the woman be quick with child, which, as this court has decided, means more than pregnant, and requires that the child shall have reached some degree of quasi independent life at the moment of the act. *Commonwealth* v. *Parker*, 9 Met. 263. *State* v. *Cooper*, 2 Zabr. 52.

For the same reason, this limitation of criminal liability is equally inconsistent with any argument drawn from the rule as to devises and vouching to warranty, which is laid down with-out any such limitation, and which may depend on different considerations. Co. Lit. 390 *a*, and cases cited. *Reeve* v. *Long*, 1 Salk. 227. *Scatterwood* v. *Edge*, 1 Salk. 229. *Harper* v. *Ar-cher*, 4 Sm. & M. 99.

If these general difficulties could be got over, and if we should assume, irrespective of precedent, that a man might owe a civil duty and incur a conditional prospective liability in tort to one not yet in being, and if we should assume also that causing an infant to be born prematurely stands on the same footing as wounding or poisoning, we should then be confronted by the ques-tion raised by the defendant, whether an infant dying before it was able to live separated from its mother could be said to have become a person recognized by the law as capable of having a *locus standi* in court, or of being represented there by an admin-istrator. *Marsellis* v. *Thalhimer*, 2 Paige, 35. *Harper* v. *Ar-cher*, *ubi supra*. 4 Kent. Com. 249, n. (*b*). And this question

would not be disposed of by citing those cases where equity has recognized the infant provisionally while still alive *en ventre. Lutterel's case*, stated in *Hale* v. *Hale*, Prec. Ch. 50. *Wallis* v. *Hodson*, 2 Atk. 114, 117. See *Musgrave* v. *Parry*, 2 Vern. 710. And perhaps not by showing that such an infant was within the protection of the criminal law. Compare 2 Savigny, System des heutigen Römischen Rechts, Beylage III.

The Pub. Sts. *c.* 207, § 9, (St. 1845, *c.* 27, seemingly suggested by *Commonwealth* v. *Parker, ubi supra,*) punish unlawful attempts to procure miscarriage, acts which of course have the death of the child for their immediate object; and, while they greatly increase the severity of the punishment if the woman dies in consequence of the attempt, they make no corresponding distinction if the child dies, even after leaving the womb. This statute seems to us to shake the foundation of the argument drawn from the criminal law, and no other occurs to us which has not been dealt with.

Taking all the foregoing considerations into account, and further, that, as the unborn child was a part of the mother at the time of the injury, any damage to it which was not too remote to be recovered for at all was recoverable by her, we think it clear that the statute sued upon does not embrace the plaintiff's intestate within its meaning; and have not found it necessary to consider the question of remoteness or the effect of those cases which declare that the statute liability of towns for defects in highways is more narrowly restricted than the common law liability for negligence. *McDonald* v. *Snelling*, 14 Allen, 290, 292. *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568, 578. See also *Jenks* v. *Wilbraham*, 11 Gray, 142; *Bemis* v. *Arlington*, 114 Mass. 507, 509.

*Exceptions overruled.*

*D. Hill & J. A. Wainwright*, for the plaintiff.
*T. G. Spaulding*, for the defendant.