Ewing, J.
In this action plaintiff, being a minor three years of age suing by his next friend, seeks to recover damages for a pre-natal injury alleged to have resulted from and as an incident of injuries sustained by his mother, by negligence of employees of the defendants, in the management of a motor coach on which she was being transported as a passenger for hire. The defendants have interposed a general demurrer to the petition on the ground that the facts stated do not constitute a cause of action. The elaborate and apparently exhaustive briefs of counsel disclose no reported decision in Ohio upon the question thus presented and its novelty and interest are such as seem to justify a written opinion.
It is, of course, self-evident at the outset that the question presented in such a case is similarly involved in cases where damages are sought for death by alleged wrongful act based upon pre-natal injury of the deceased, since the right of recovery given by Lord Campbell’s Act and the corresponding statutes of the American States is limited to those cases in which death has been caused by wrongful' *446 act, neglect or default such as would have entitled the party injured to maintain an action and recover damages therefor if death had not ensued. The two classes of cases will therefore be considered together in the chronological order of their dates of decision.
The earliest case cited by demurrants in which the question was decided is that of Dietrich, Administrator, v. Inhabitants of Northampton, 138 Mass. 14 (1884). In that case after a woman four or five months advanced in pregnancy had fallen by reason of a defect in a highway and had recovered damages in an action in her own behalf for her injuries, an attempt was made to recover damages for the death of the child which for only a few minutes survived premature birth alleged to have been caused by the mother’s fall, the action being brought by personal representative for the benefit of the next of kin under the wrongful death statute then existing in Massachusetts.
The Supreme Court of Massachusetts affirmed the ruling of the lower courts that the action was not maintainable, the opinion being by Justice Holmes, and the syllabus being as follows:
“If a woman, between four and five months advanced in pregnancy, by reason of falling upon a defective highway, is delivered of a child, who survived his premature birth only a few months, such a child is not a ‘person’, within the meaning of the Pub. Sts. c. 52, S. 17, for the loss of whose life an action may be maintained against the town by his administrator.” ,
The earliest case found in which the plaintiff, having survived pre-natal injuries alleged to have resulted by negligence seeks to recover damages therefor is that of Mabel Walker v. The Great Northern Railway Company of Ireland, 28 Law. Rep. 69 (Ireland) (1890). The facts adequately appear in the syllabus as follows:
“In an action against a railway company for damages caused to the plaintiff by the negligence of the defendants, the statement of claim alleged that at the date of the injuries complained of the plaintiff’s mother A. W., was quick with child, namely, with the plaintiff, to whom she afterwards gave birth; that the said A. W., being so quick *447 with child, was received by the defendants as a passenger, to be safely and securely carried for reward to the defendants. Averment that the defendants so negligently and unskillfully conducted themselves in carrying the said A. W., and the plaintiff, being then en ventre sa mere, that the plaintiff was thereby wounded, permanently injured and crippled.
“Held, on demurrer, that the statement of claim disclosed no cause of action.”
In that case four of the judges separately rendered opinions but without substantial diversity of reasoning, all concurring in the conclusion that the action was not maintainable.
Notwithstanding that the present court finds this case the most interesting and most elaborate in discussion of any which has been cited, no useful purpose is apparent in citing from it at length. It will suffice to say that the judges concurred that there is no right of recovery because there is no duty owed under the circumstances thus alleged, the various grounds suggested being that the contract of the carrier was with the mother only; that no consideration was received for the transportation of the unborn child; that the carrier was in no manner charged with knowledge of its presence or responsible toward it; and, most importantly, that the unborn child was merely a part of the body of the mother and not legally a distinct person in being to whom a duty Could be considered to be owed.
The court’s reasoning on the last point is concisely stated by Judge Johnson as follows:
“Negligence and duty are respectively relative, not absolute, terms. It is not contended that the duty arose out of contract: — the contract was between the defendants and Mrs. Walker, and so far as contract is concerned it was to Mrs. Walker that defendants were liable for breach of it. If it did not spring out of contract it must, I apprehend, have arisen (if at all) from the relative situation and circumstances of the defendants and plaintiff at the time of the occurrence of the act of negligence. But at that time the plaintiff had no actual existence; was not a human being; and was not a passenger, — in fact, as Lord Coke says, the plaintiff was then pars viscerum matris, — and we have not been referred to any authority or principle to show that *448 a legal duty has ever been held to arise towards that which is not in esse in fact and has only a fictitious existence in law, so as to render a negligent act a breach of that duty.”
Upon the same subject the language of Justice O’Brien is note-worthy:
“There is no person and no duty. • In law, in reason, in the common language of mankind, in the dispensations of nature, in the bond of physical union, and the instinct of duty and solicitude, on which the continuance of the world depends, a woman is the common carrier of her unborn child, and not a railway company.”
In the case of Allare v. The St. Luke Hospital, et al, 184 Ill., 359; 56 N. E., 638 (1900), the plaintiff’s mother had entered the defendant hospital for care in anticipation of the plaintiff’s birth. While being carried to an upper floor in an elevator by the hospital attendants the mother was injured by negligence of the attendants and subsequently, after plaintiff’s birth, the child was found greatly deformed, with atrophy and paralysis of portions of the body. In an action brought on behalf of the child defendants interposed a general demurrer, which was sustained by the lower court, and affirmed on review by the Appellate Court and the Supreme Court of Illinois respectively, the syllabus in the Supreme Court being as follows:
“An action does not lie to recover damages for an injury to the plaintiff while in his mother’s womb, since the right is not given by statute, and the courts of common law, whilg indulging the legal fiction that an unborn child may be regarded as in esse for some purposes, when for its benefit, have never gone to the extent of sustaining an action by an infant for injuries occasioned before its birth.”
The opinion cites with approval and substantially follows the reasoning of the Irish court in the case of Walker v. Great Northern Railway above cited.
In the case of Gorman v. Budlong, 23 R. I., 169 (1901) recovery was attempted under the wrongful death statute, alleging that the death resulted from pre-natal injury caused by negligence. Recovery was denied, the syllabus being as follows:
*449 “As no action can be maintained by a person for injuries received by him while en ventre sa mere, his next of kin cannot, under Gen. Laws, cap. 233, S. 14, maintain an action therefor after his death.”
Another case precisely parallel with the instant case is that of Nugent v. Brooklyn Heights Railway Co., 139 N. Y., Sup. 367 (1913). This was an action on behalf of the child based upon pre-natal injuries alleged to have been sustained while the mother was being carried as a passenger by the defendant railroad company. The syllabus is as follows:
“Although there is a residuum of injury for which neither person can recover, and although a child en ventre sa mere is an entity for many purposes, yet a child cannot after its birth recover from a railroad company damages for a deformity caused by the company’s negligence, in transporting its mother, who was then enceinte, for no relation of carrier and passenger extended,to the foetus, the carrier’s duty only extending to the mother, and so it could not be guilty of negligence towards it, for that is the culpable" failure to observe a duty owed by one to another in a particular relation, and for the same reason no action for breach of contract will lie.”
The same conclusion was reached by the Supreme Court of Missouri in the case of Buel v. United Railways Company, 248 Mo. 126 (1913) which was an action brought under the wrongful death statute of that state.
Similarly, in Lipps v. Milwaukee Electric Light Co., 164 Wisc., 272 (1916) an action was brought on behalf of a child claimed to have been injured before birth by injuries to its mother while being transported on defendant’s car. In this case demurrer to the petition had been sustained, and upon review by the Supreme Court the ruling of the lower court was affirmed.
To the same effect is the case of Drobner by Guardian ad litem v. Peters, 232 N. Y., 230 (1921). In this case the lower court had refused a motion for judgment on the pleadings and its ruling had been affirmed by the appellate division. The opinion by the New York Court of Appeals, reversing these rulings of the lower courts and ordering *450 final judgment on the pleadings in favor of the defendant is by Justice Pound. His concise statement of the arguments on each side of the question should be of great interest to the profession but the court does not feel justified in extending this opinion by quoting it.
The most recent decision on the question which has come to the court’s attention is in Stanford v. The St. Louis-San Francisco Railway Company, 214 Ala., 611 (1926). This was an action by personal representatives seeking to recover damages under the wrongful death statute, the child having been prematurely born and having died several days later as a result of injuries sustained before birth. The trial court sustained defendant’s demurrer to the petition and its action was affirmed by the Supreme Court of Alabama.
As against this impressive array of decisions by courts of last resort in the various jurisdictions mentioned, the answer brief in the instant case, while commendable for its diligent and clear presentation of all the grounds which can reasonably be urged in favor of permitting the recovery, discloses only one decision in which the alleged right of action has been sustained. This is in the case of Kine v. Zuckerman, 4th Pa. D. & C. Rep., page 227. In the opinion rendered in that case Judge Gordon, Jr., reviews with great abiblity the decisions to the contrary, and concludes that the adaptability of our common law to changing circumstances and increasing knowledge justifies the extension of the principle well established in cases such as inheritance, that when it is for the benefit of the unborn child so to do, the law should presume that such child is legally in being.
This view is not the opinion of a court of last resort and its argument cannot better be answered than by a citation from the opinion of Justice O’Brien in the case of Walker v. Great Northern Railway:
“The law is in some respects a stream that gathers accretions, with time, from new relations and conditions. But it is also a landmark that forbids advance on defined rights and enlargements; and- if these are to be altered,— if new rights and enlargements are to be created, — that is the province of legislation and not decision.”
*451 Notwithstanding it thus appears that the overwhelming and almost unanimous conclusion of courts which have passed upon the question dictates that the demurrer in the present case should be sustained, it should still interest the student of legal philosophy to inquire whether this is not a case such as Judge Cardozo in his fascinating treatise “The Nature of the Judicial Process”, has aptly characterized as one involving “judicial choice.” As against the permanent injuries of the plaintiff, conceded by the demurrer, none of the objections to recognizing the asserted right of action is absolutely conclusive when considered separately,.
The mere absence of precedent at common law proves nothing, since that objection, if valid, could be interposed against every novel tort claim and thus constitute an insuperable barrier to progress.
The objection which the Irish judges seem to have regarded as impressive in an action against a carrier, namely, that there was no contract with the plaintiff and no consideration moving from the unborn child, disappears entirely in the cases of the injury by defective highway, or by negligent operation of the elevator. Is this objection actually conclusive even in the case of a common carrier? Might we not as easily, and even more rationally apply the doctrina of reasonable foreseeability and hold that the carrier, in the absence of an authorized regulation refusing transportation to a pregnant woman, is bound to know from human experience that a substantial percentage of pregnant women will apply for carriage ?
Might not the fare paid by such a woman inure as wéll to support compensation for injury to the unborn child as for damage to the personal baggage or injury to an infant of such tender years as to be carried without separate charge? And, finally, as to the objection that there is no person in being, and therefore no duty owed, is it more difficult, as an intellectual exercise, to assert that a duty exists not to injure this living human organism, which was then potentially, and has since become a human being, than it is to recognize the entity of such legal creatures as a corporation, or to comprehend such abstract concepts as the incorporeal hereditament?
*452 Theoretically, it should be as easy for the legal imagination to sever the umbilical cord with the sharp sword of justice, when to do so is for the benefit of the unborn child, as it is for the 'surgeon prematurely to sever it to save the life of the mother or the child. The courts in fact found little difficulty in making such a constructive severance by recognizing the existence and right of an unborn child under the law of devises and inheritances.
When Judge Pound in the course of his opinion put the question, “Did he succeed to his mother’s rights?”, — is it not probable that he was considering the defensible conclusion that here were actually two living entities, physically joined and legally one, when injured, but potentially severable, and that the child at the moment of severance carried with him such part of his mother’s injuries and of her cause of action as affected that part of her body which is now the plaintiff.
Some of the arguments in favor of the asserted right of action have thus been outlined, perhaps at unnecessary length, in order to indicate more clearly the reasons for this court’s conclusion that the learned judges have denied, and that we should deny, the alleged right of action upon grounds of practical convenience and public policy, rather than upon a supposed immutabiblity or inadaptability of established legal doctrines.
Among the objections thus suggested, the most important is the practical inconvenience of extending our legal frontier, and thus being compelled to redefine and enlarge legal conceptions which have been practically stabilized for hundreds of years.
It will be observed by the citation above made from the opinion of Justice O’Brien in the Irish case that this was the ultimate ground upon which his opinion is based.
Similarly Judge Pound in Drobner v. Peters, above cited (232 N. Y. 230) concludes:
“Strong reasons of public policy may be argued both for and against allowing a new right of action. Conditions of negligence alone at the present time do not sug*gest that the reasons in favor of recovery so far outweigh those which may be advanced against it, as to call for judicial legislation on the question.”
*453 Similar considerations seem to have been weighed by the Wisconsin court in Lipps v. Milwaukee Electric Light Company, 164 Wisc., 272, where the court first said:
“Very cogent reasons may be urged for a contrary rule where the infant is viable and especially so in cases where the defendant, being a doctor or midwife, has negligently injured an unborn child. As to such cases we express no opinion.”
But finally, in denying the right of action in the case at bar said:
“The law cannot always be scientific or technically correct. It must often content itself with being merely practical.”
The difficulty and unreliability of proof in such cases have also been regarded by several of the courts as important considerations from the standpoint of public policy. This objection is stated in interesting language by Justice O’Brien:
“But there are instances in the law where rules of right are founded upon the inherent and inevitable difficulty or impossibility of proof. And it is easy to see on what a boundless sea of speculation in evidence this new idea would launch us. What a field would be opened to extravagance of testimony, already great enough — if science could carry her lamp, not over certain in its light where people have their eyes, into the unseen laboratory of nature— could profess to reveal the causes and things that are hidden there — could trace a harelip to nervous shock, or a bunch of grapes on the face to the fright — could, in fact, make hisus naturae the same thing as lusus scientiae. There may be a question of evidence, Mr. Gerrard modestly put it, but the ldw may see such danger in that evidence, may have such a suspicion of human ignorance and presumption, that it will not allow any question of evidence to be entered into at all.”
Upon the conclusion, therefore, that by the overwhelming weight of authority the action is not maintainable, and that upon sound considerations of public policy its maintainability, if it is to He maintained, should be authorized by the legislature and not by the court, the demurrer of the defendants herein is sustained.