ERNEST D. BLISS, administrator, *vs.* FRANK D. PASSANESI.

Suffolk.    October 5, 1950. — November 14, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Actionable Tort.    Infant.    Death.*

An action cannot be maintained for conscious suffering and death of an infant resulting after birth from prenatal injury sustained through negligence of the defendant.

TORT by the administrator of the estate of Florence C. Bliss, late of Lebanon, New Hampshire.   Writ in the Superior Court dated October 29, 1949.

One of the counts of the declaration was for the death of the plaintiff's intestate and contained, among others, allegations that on or about July 17, 1949, while the intestate "was an existing viable child in her mother's womb," negligence on the part of the defendant "caused the plaintiff's intestate and her mother to be thrown forcibly and violently to the ground," following which the intestate "was born prematurely, and in consequence of the injuries received . . . died."   The other count was for conscious suffering of the intestate and contained similar allegations and also the allegation that because of the defendant's negligence the intestate "was caused to suffer while she was in a conscious condition."

A demurrer to both counts was sustained by *Good*, J., and the plaintiff appealed.

*A. E. Kahn*, (*C. B. Garabedian* with him,) for the plaintiff.
*W. I. Badger, Jr.*, for the defendant.

RONAN, J.   This is an action of tort which sought in the first count to recover for the death and in the second count to recover for the conscious suffering of the plaintiff's intestate caused by injuries sustained by the intestate due to the negligence of the defendant when the intestate "was

an existing viable child in her mother's womb." A demurrer to these counts was sustained and the plaintiff appealed to this court.

The question of law presented by this demurrer has been decided adversely to the maintenance of such an action in *Dietrich* v. *Northampton*, 138 Mass. 14, which seems to have been the earliest decision of this question by any American court. Speaking for the court, Holmes, J., based the decision on the grounds that there was no precedent for the recovery in favor of the child for prenatal injuries, and that the damages sustained by it were recoverable by the mother in so far as they were not too remote. Subsequent decisions of courts of last resort of all American jurisdictions have followed this decision until there was a departure in 1949 from this general rule. These subsequent decisions have in the main consisted of little more than a collection of the prior decisions supporting the conclusion reached, although occasionally a reason in addition to those mentioned in the *Dietrich* case has been furnished. See, for example, *Allaire* v. *St. Luke's Hospital*, 184 Ill. 359; *Newman* v. *Detroit*, 281 Mich. 60; *Drobner* v. *Peters*, 232 N. Y. 220; *Berlin* v. *J. C. Penney Co. Inc.* 339 Pa. 547. A review of all these subsequent decisions denying relief for prenatal injuries demonstrates that they were based upon the grounds that there was lack of precedent, that there was due regard for the principle of stare decisis, that the unborn child was a part of the mother, that any causal relation between the prenatal injury and the death or condition of the child would rest on speculation and conjecture, and that recognition of any cause of action in favor of the child or its estate would give rise to fictitious claims. Some of the decisions already cited following the *Dietrich* case were not unanimous, and toward the turn of the century a trend developed, which has since increased, against what was regarded as the harshness of this general rule. See dissenting opinions in *Allaire* v. *St. Luke's Hospital*, 184 Ill. 359; *Stemmer* v. *Kline*, 128 N. J. L. 455. Prosser, Torts, 188. 63 Harv. L. Rev. 173. Sometimes a cause of action was created by statute. *Scott* v.

*McPheeters*, 33 Cal. App. (2d) 629. *Cooper* v. *Blanck*, 39 So. (2d) 352 (La. App.).

It was not, however, until *Williams* v. *Marion Rapid Transit, Inc.* 152 Ohio St. 114, decided in 1949, that any of our State courts of last resort recognized that there was a cause of action, in the absence of a statute, for a child who became crippled for life by a prenatal injury due to the negligence of a defendant. This decision was shortly followed by *Verkennes* v. *Corniea*, 229 Minn. 365, where recovery for the death of a stillborn child alleged to be due to a prenatal injury was allowed. See also *Jasinsky* v. *Potts*, 153 Ohio St. 529. The rationale of these decisions permitting recovery is that an unborn viable child is capable of an existence independent of its mother; that as the law recognizes an unborn child in protecting its property rights in the descent and devolution of property whenever it would be for the benefit of the child and also protects it as a legal entity in the criminal law, the law should also recognize its civil rights for the infliction of injury due to the negligence of another; that a wrong should not go without redress; and that natural justice demands recognition of the legal right of the child to begin life unimpaired by physical or mental defects resulting from an injury due to the negligence of another while it was a viable child en ventre sa mere. We readily concede the strength of these grounds, but there is also strength in the arguments to the contrary, including that based upon the practical difficulty of reliable proof. We do not intimate what our decision would be if the question were presented for the first time. The *Dietrich* case not only established the law in this Commonwealth since its rendition more than sixty years ago but it is still supported by the great weight of authority in other jurisdictions. See 10 A. L. R. (2d) 1059, note. It is the rule of the Restatement: Torts, § 869. We are not inclined to overrule the *Dietrich* case.

*Order sustaining the demurrer affirmed.*