MARSHALL C. CAVANAUGH, JUNIOR, & another *vs.* FIRST NATIONAL STORES INC.

Suffolk.   May 5, 1952. — July 3, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Infant.   Actionable Tort.   Parent and Child.   Damages*, Consequential.

An action could not be maintained by a child prematurely born permanently blind through prenatal illness of his mother resulting from her eating unwholesome food bought of and warranted to be wholesome by the defendant; nor could the child's father recover consequential damages.

CONTRACT OR TORT.   Writ in the Superior Court dated April 25, 1951.

A demurrer was sustained by *Forte*, J.

*C. Sheldon Williams*, (*Dalton E. Smart* with him,) for the plaintiffs.

*Saul L. Kaplan*, (*Jeremiah W. Mahoney* with him,) for the defendant.

LUMMUS, J.   This is an appeal by the plaintiffs under G. L. (Ter. Ed.) c. 231, § 96, from an order of the Superior Court sustaining the demurrer of the defendant to counts 3 and 4 of the declaration on the ground that they do not state a cause of action.   In count 3 the minor plaintiff, Marshall C. Cavanaugh, Junior, alleges that on December 25, 1945, while he was a viable child in the womb of his

mother, who was six months advanced in pregnancy, his mother ate turkey which had been bought at the defendant's store, which the defendant warranted to be wholesome and fit for human consumption, but which was unwholesome and poisonous, and that as a result the mother became violently ill and the plaintiff was born permanently blind on December 26, 1945. In count 4 his father, Marshall C. Cavanaugh, alleges the same facts, whereby the father has lost the services of the child and has been put to great expense.

The earliest and leading case upon the right of a child to recover for an injury to him before his birth is *Dietrich* v. *Northampton,* 138 Mass. 14, decided by this court in 1884, in which the opinion was written by Mr. Justice Holmes. In that case the mother slipped and fell on a highway in the defendant town when she was between four and five months advanced in pregnancy. As a result, the child was born prematurely, and lived only fifteen minutes. It was held that an action of tort by the administrator of the child, for causing its death, could not be maintained.

Since that case, a majority of courts before which the question has arisen whether a child can recover for prenatal injury have followed the lead of the *Dietrich* case. *Stanford* v. *St. Louis-San Francisco Railway,* 214 Ala. 611 (1926). *Allaire* v. *St. Luke's Hospital,* 184 Ill. 359 (1900). *Smith* v. *Luckhardt,* 299 Ill. App. 100 (1939). *Newman* v. *Detroit,* 281 Mich. 60 (1937). *Buel* v. *United Railways,* 248 Mo. 126 (1913). *Drabbels* v. *Skelly Oil Co.* 155 Neb. 17 (1951). *Stemmer* v. *Kline,* 128 N. J. L. 455 (1942). *Berlin* v. *J. C. Penney Co. Inc.* 339 Pa. 547 (1940). *Gorman* v. *Budlong,* 23 R. I. 169 (1901). *Magnolia Coca Cola Bottling Co.* v. *Jordan,* 124 Texas, 347 (1935). *Lipps* v. *Milwaukee Electric Railway & Light Co.* 164 Wis. 272 (1916), semble. *Walker* v. *Great Northern Railway Co. of Ireland,* 28 L. R. (Ir.) 69 (1891). The foregoing is the rule of the Restatement. Restatement: Torts, § 869. See also Winfield, "The Unborn Child," 8 Camb. L. J. 76 (1942).

Within recent years a body of contrary authority has been

Cavanaugh v. First National Stores Inc.

built up, allowing recovery by a child for prenatal injury. *Tucker* v. *Howard L. Carmichael & Sons, Inc.* 208 Ga. 201 (1951). *Damasiewicz* v. *Gorsuch*, 197 Md. 417 (1951). *Verkennes* v. *Corniea*, 229 Minn. 365 (1949), 10 A. L. R. (2d) 634 and note. *Woods* v. *Lancet*, 303 N. Y. 349 (1951). *Williams* v. *Marion Rapid Transit, Inc.* 152 Ohio St. 114 (1949), 10 A. L. R. (2d) 1051 and note. *Jasinsky* v. *Potts*, 153 Ohio St. 529 (1950). *Bonbrest* v. *Kotz*, 65 Fed. Sup. 138 (1946). *Montreal Tramways* v. *Leveille*, [1933] 4 D. L. R. 337. This result is approved in Prosser, Torts (1941) 189, 190.

In November, 1950, the question came again before this court in *Bliss* v. *Passanesi*, 326 Mass. 461. In that case we sustained a demurrer to a declaration which alleged that the plaintiff's intestate, while a viable child in her mother's womb, was injured by the defendant's negligence, was born prematurely, and died after conscious suffering. Since that decision it is true that the highest courts of Georgia and New York have refused to follow the *Dietrich* case, the Court of Appeals of New York overruling an earlier decision following that case. As lately as 1950 we decided not to depart from the *Dietrich* rule. The plaintiffs attempt to distinguish the present case from our earlier decisions because in the present case the child has attained the age of more than six years and is still living. But we cannot think that a sound ground for a legal distinction. We are not prepared to overrule our earlier decisions, which began nearly seventy years ago. *Mabardy* v. *McHugh*, 202 Mass. 148, 151–152.

The cause of action of the father depends upon that of the child, and needs no separate discussion. *Thibeault* v. *Poole*, 283 Mass. 480. *Mikaelian* v. *Palaza*, 300 Mass. 354. *Barboza* v. *Decas*, 311 Mass. 10, 13–14. *Reynolds* v. *Jacobucci*, 317 Mass. 500, 505. *Mendes* v. *Costa*, 326 Mass. 608, 610–611.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*