Strafford,
No. 4557.

FAE A. POLIQUIN, *Adm'x Est. of* BABY BOY POLIQUIN

*v.*

FRANCIS J. MACDONALD.

Argued June 4, 1957.
Decided September 30, 1957.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

WHEELER, J. This is a case of first impression in this jurisdiction. Prior to 1949, by the numerical weight of authority, it was held that in the absence of a statute a pre-natal injury affords no basis of recovery by the child or its legal representative. See anno. 20 A. L. R. 1505; 97 A. L. R. 1524.

The problem presented to us for the first time is whether our wrongful death statute gives a right of action to the personal

representative of an infant for injuries and resulting death suffered by it while *en ventre sa mere.* RSA 556:7, 9-14. In 1884, in the case of *Dietrich* v. *Northampton,* 138 Mass. 14, Justice *Holmes,* speaking for the court, denied recovery for pre-natal injuries chiefly upon the grounds that there was no precedent to support such a claim. A related problem arose in this state in *Prescott* v. *Robinson,* 74 N. H. 460, when the court denied the mother's right to recover in her own right for pre-natal injuries to a child born alive but deformed for which were it deemed a person in law it would have a right of action. The court said *(Id.,* 463) " . . . it is unnecessary to consider or determine what, if any, rights a child *en ventre sa mere* has for injuries received by it, which render its existence after birth painful and burdensome. Whether it may or not, after birth, maintain an action on that account . . . is immaterial in this case."

The defendant relies upon *Durivage* v. *Tufts,* 94 N. H. 265, as authority for the proposition that this state does not permit such recovery. In that case the court denied recovery because of insufficient evidence after commenting that "[It] is undoubtedly true" that the great weight of authority then existing precluded such recovery. *Id.,* 268.

The *Dietrich* case, *supra,* was widely quoted and followed by the jurisdictions denying recovery. However, most of the jurisdictions recognized the abstract justice of a right of recovery. In *Drobner* v. *Peters,* 232 N. Y. 220, *Cardozo,* J., *dissenting,* the court denied recovery for pre-natal injury to a child born eleven days after the accident. The court said, in part *(Id.,* 223, 224) "The formulation of such a principle of legal liability against precedent and practice may be a tempting task, to which sympathy and natural justice point the way, but I cannot bring myself to the conclusion that the plaintiff has a cause of action at common law." Again in *Lipps* v. *Milwaukee Electric R. & L. Co.,* 164 Wis. 272, the court denied recovery on behalf of a non-viable child because it could not exist separate from its mother and concluded "We go no further than the facts of the case require, and hold that no cause of action accrues to an infant *en ventre sa mere* for injuries received before it could be born viable." *Id.,* 276. In the famous Irish case of *Walker* v. *Great Northern Ry. of Ireland,* 28 L. R. Ir. 69 (1891) Justice *O'Brien,* although joining with the court in denying recovery for pre-natal injuries because of practical difficulties in applying the rule which appeared to be just in the abstract, was moved to comment "The pity of it is as novel as the case — that an innocent

infant comes into the world with the cruel seal upon it of another's fault, and has to bear a burthen of infirmity and ignominy throughout the whole passage of life. It is no wonder, therefore, that sympathy for helpless and undeserved misfortune has led to what is literally a kind of creative boldness in litigation."

In *Bliss* v. *Passanesi*, 326 Mass. 461, the court followed the *Dietrich* case but recognized the strength in the arguments allowing recovery and stated (p. 463) "We readily concede the strength of these grounds, but there is also strength in the arguments to the contrary, including that based upon practical difficulty of reliable proof. We do not intimate what our decision would be if the question were presented for the first time."

These decisions denying recovery did not pass without vigorous arguments for the existence of such right of action. Notably Justice *Boggs dissenting* in *Allaire* v. *St. Luke's Hospital*, 184 Ill. 359, observed that medical science has clearly demonstrated that at a certain period of gestation in advance of parturition the fetus is capable of independent and separate life, although within the body of its mother, and that at such a period it is not, medically speaking, merely a part of its mother, and went on to say "If at that period a [viable] child so advanced is injured in its limbs or members and is born into the living world suffering from the effects of the injury, is it not sacrificing truth to a mere theoretical abstraction to say the injury was not to the child but wholly to the mother?" *Id.*, 370.

In 1949, a trend away from the *Dietrich* case began. *Williams* v. *Transit, Inc.*, 152 Ohio St. 114; *Verkennes* v. *Corniea*, 229 Minn. 365; *Bonbrest* v. *Kotz*, 65 F. Supp. 138; Prosser, Torts (2d *ed.*) 174; 2 Harper and James, Torts 1028. The shadow of *Holmes* was fading. The logic of *Boggs*, J. in *Allaire* v. *St. Luke's Hospital*, *supra*, was beginning to be recognized and followed. *Drobner* v. *Peters, supra*, was struck down in New York by the case of *Woods* v. *Lancet*, 303 N. Y. 349, 356, which allowed recovery for a full-term child for injuries sustained which caused him to be crippled. The court said, in part "The questions of causation, reasonable certainty, etc., which will arise in these cases are no different, in kind, from the ones which have arisen in thousands of other negligence cases . . . . " The case of *Buel* v. *United Rys. Company*, 248 Mo. 126, was specifically overruled in *Steggall* v. *Morris*, 363 Mo. 1224. Again Justice *Boggs'* logic was recognized in *Amann* v. *Faidy*, 415 Ill. 422, which overruled *Allaire* v. *St. Luke's Hospital*,

*supra.* See anno. 10 A. L. R. (2d) 1059; 27 A. L. R. (2d) 1256; 63 Harv. L. Rev. 173; 19 NACCA L. J. 230; 32 Va. L. Rev. 1203.

We are of the opinion that the early orthodox views must give way to justice and logic. "Precedents are valuable so long as they do not obstruct justice or destroy progress." *Scott* v. *McPheeters,* 33 Cal. App. (2d) 629, 637. The common law has always been most solicitous for the welfare of the fetus in connection with its inheritance rights as well as protecting it under the criminal law. If a child can live separate and apart from its mother, even though she die, it does not seem logical to say that the injury was wholly that of the mother and not of the child. Consequently recovery should be allowed on behalf of a viable child born alive.

We are also of the opinion that a fetus having reached that period of pre-natal maturity where it is capable of independent life apart from its mother is a person and if such child dies in the womb as the result of another's negligence, an action for recovery may be maintained in its behalf. *Rainey* v. *Horn,* 221 Miss. 269. See 70 C. J. S., Person, 686. *Steggall* v. *Morris,* 363 Mo. 1224, *supra; Verkennes* v. *Corniea, supra; Mitchell* v. *Couch,* 285 S. W. (2d) 901. On the other hand if a fetus is non-viable at the time of injury and dies in the womb its representative can maintain no action.

Consequently the case must be remanded for a determination of whether the plaintiff's intestate was viable or non-viable at the time of injury.

*Remanded.*

All concurred.