ZAVEN TORIGIAN, administrator, *vs.* WATERTOWN NEWS Co., INC. & another.

Middlesex.    March 9, 1967. — April 27, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Infant. Actionable Tort. Death. Words,* "Viable fetus," "Person."

A child who was a nonviable fetus when his mother was involved in an automobile accident and who some months later was born alive but prematurely because of the accident and died a few hours after birth by reason of the prematurity was a "person" within G. L. c. 229, § 2, as amended through St. 1962, c. 306, § 1, for the death of whom there was a cause of action under that statute against one whose negligence caused the automobile accident.

TORT. Writ in the Superior Court dated July 1, 1964.

The action was tried before *Good,* J.

*Herbert D. Lewis* for the plaintiff.

*Mayo A. Darling* for the defendants.

WILKINS, C.J. This action of tort for wrongful death under G. L. c. 229, § 2 (as amended through St. 1962, c. 306,

§ 1),[1] by the administrator of the estate of Rhonda Torigian
is in two counts.   Count 1 is against George L. Juliano, the
operator, and count 2 is against Watertown News Co., Inc.,
the owner of a motor vehicle which on January 2, 1964, due
to negligence struck a motor vehicle operated by Barbara
Torigian, who was then three and one-half months pregnant
with the plaintiff's intestate.   The child was not then vi-
able.   On March 13, 1964, the plaintiff's intestate was born
and lived about two and one-half hours.   There was medi-
cal testimony that the accident of January 2 was the ade-
quate cause of the premature birth, and that the cause of
death was prematurity.   At the close of the evidence the
trial judge directed verdicts for the defendants.   The plain-
tiff excepted.

The ground of the judge's action was not expressed, but,
as the arguments before us indicate, it must have been that
there cannot be recovery for prenatal injury to a nonviable
fetus even where a living child is born.

In *Dietrich* v. *Northampton,* 138 Mass. 14 (1884), this
court in an opinion by Holmes, J., held that where a mother,
between four and five months advanced in pregnancy, gave
birth prematurely to an infant who survived for only a few
minutes, there was no right of recovery for the death in an
administrator in an action based on prenatal injury.   The
view was expressed (page 17) that the child was not a
"person" within the meaning of the predecessor of G. L.
c. 229, § 2.   The decision, which presented the issue for the
first time in this country, was based principally on the lack
of supporting precedent at the time.   A similar result
based on stare decisis was reached in *Bliss* v. *Passanesi,*
326 Mass. 461 (1950), and *Cavanaugh* v. *First Natl. Stores
Inc.* 329 Mass. 179 (1952).

In *Keyes* v. *Construction Serv. Inc.* 340 Mass. 633 (1960),
an administratrix brought an action for prenatal injury to

---

[1] "A person who (1) by his negligence causes the death of a person in the
exercise of due care, or (2) by wilful, wanton or reckless act causes the death
of a person under such circumstances that the deceased could have recovered
damages for personal injuries if . . . death had not resulted . . . shall be
liable in damages . . . ."

Torigian *v.* Watertown News Co. Inc.

her intestate while a viable child in his mother's womb. We noted (page 635) : "Since the decisions in the *Bliss* and *Cavanaugh* cases the distinct trend of judicial opinion has been to allow recovery in cases of prenatal injuries caused by negligence." We expressed the view (page 637) that "the law of this Commonwealth should be in general in harmony with that of the large and growing proportion of the other States allowing a right of action." The case was remanded to the lower court to permit an amendment to the declaration alleging that the child was born alive, and in that event to permit the case to stand for trial on the merits.

In the case at bar, where the fetus was not viable, we must decide whether there is a sound distinction from the situation where the fetus is viable. A viable fetus has been defined as one so far formed and developed that if then born it would be capable of living. *Keyes* v. *Construction Serv. Inc., supra,* 637. *Poliquin* v. *MacDonald,* 101 N. H. 104, 107.

In the vast majority of cases where the present issue has arisen, recovery has been allowed. *Hornbuckle* v. *Plantation Pipe Line Co.* 212 Ga. 504. *Daley* v. *Meier,* 33 Ill. App. 2d 218. *LaBlue* v. *Specker,* 358 Mich. 558. *Bennett* v. *Hymers,* 101 N. H. 483. *Smith* v. *Brennan,* 31 N. J. 353. *Kelly* v. *Gregory,* 282 App. Div. (N. Y.) 542. *Sinkler* v. *Kneale,* 401 Pa. 267. See *Puhl* v. *Milwaukee Auto. Ins. Co.* 8 Wis. 2d 343, 354–357. To the extent that the views of textwriters and legal commentators have come to our attention, they are unanimously of the view that nonviability of a fetus should not bar recovery. Harper and James, Torts, § 18.3. Prosser, Torts (3d ed.) § 56. 63 Mich. L. Rev. 579, 589–590. 110 U. of Pa. L. Rev. 554, 562–564. 18 Vand. L. Rev. 847, 852–854. 1962 Wis. L. Rev. 150.

The grounds which have been most frequently urged against allowing recovery are lack of precedent, the avoidance of speculation or conjecture, and the encouragement of fictitious claims. There is no longer lack of precedent. The advancement of medical science should take care of most of these arguments. The element of speculation is not present to any greater extent than in the usual tort

claim where medical evidence is offered and the issue of causation must be weighed with great care. *Woods* v. *Lancet,* 303 N. Y. 349, 356. The opportunity for fraudulent claims can be faced by the courts as in other types of cases. See *Bennett* v. *Hymers, supra,* 486; *Smith* v. *Brennan, supra,* 365–366.

We are not impressed with the soundness of the arguments against recovery. They should not prevail against logic and justice. We hold that the plaintiff's intestate was a "person" within the meaning of G. L. c. 229, § 2, as amended.                                   *Exceptions sustained.*