Sandra L. HENRY et al., Plaintiffs,

v.

Eugene W. JONES et al., Defendants.

Civ. A. No. 67–293.

United States District Court
D. Massachusetts.

Dec. 9, 1969.

David C. Engel, Exeter, N. H., for plaintiffs.

Andrew B. Goodspeed, Boston, Mass., for defendants.

MEMORANDUM OF DECISION

GARRITY, District Judge.

This is a diversity action in tort for damages arising out of a collision between two motor vehicles within the Commonwealth of Massachusetts. The parties have agreed that the tort law of Massachusetts applies. Plaintiff Sandra L. Henry was a passenger in a vehicle

operated by her husband, plaintiff Harry C. Henry, when their vehicle was struck by defendant's vehicle. At the time of the accident, Mrs. Henry was pregnant with viable twin fetuses which were subsequently stillborn, and she also is suing as administratrix of the estates of Baby Boy Henry "A" and Baby Boy Henry "B". The complaint alleges that their deaths while *en ventre sa mere* were the result of injuries sustained in the collision. The case is presently before the court on defendants' motion to dismiss the action for the wrongful deaths of the stillborn children.

The issue presented is whether a viable fetus that is not born alive is a "person" within the meaning of Massachusetts' Wrongful Death statute. Mass.G.L. c. 229, § 2 (as amended through St.1967, c. 666, § 1).[1] That question will not be decided by resort to abstractions as to the definition of legal personality but rather by asking whether the Massachusetts policy for recovery for prenatal injuries will give the estate of a stillborn infant a right to recover damages under the Wrongful Death statute.

This set of facts has never been squarely presented to the courts of Massachusetts. However, the Supreme Judicial Court has decided that a wrongful death action does exist for prenatal injuries to both viable and non-viable fetuses resulting in their deaths after being born alive. See Keyes v. Construction Service Inc., 1960, 340 Mass. 633, 165 N.E.2d 912 (viable) and Torigian v. Watertown News Co. Inc., 1967, 352 Mass. 446, 225 N.E.2d 926 (non-viable).

In the court's opinion, the Massachusetts courts would hold that the distinction between infants born alive and those stillborn is of such significance that recovery under the Wrongful Death statute will be denied to the latter. In both *Keyes*, 340 Mass. at 636, 165 N.E.2d 912 and *Torigian*, 352 Mass. at 447, 225 N.E. 2d 926 the fact that the infants were born alive was stressed by the Supreme Judicial Court. In the *Keyes* case, the court went so far as to say in dictum, 340 Mass. at 637, 165 N.E.2d at 915 that "[i]f the child was stillborn the plaintiff would have no right of action."

These cases indicate that the law of Massachusetts demands that recovery for prenatal injuries be conditioned on live birth. That is the requirment under the law of property, see 4 Tiffany, Real Property (3d ed. 1939), § 1127. It is a definitive line and not an unreasonable requirement when the issue is in reality the extent to which parents may recover for the death of a fetus *en ventre sa mere*. We are talking about the interests of potential beneficiaries and not the interests of the individual injured. It is one thing to compensate an injured child for prenatal injuries that may accompany him into life and quite another to compensate his beneficiaries. See generally Gordon, The Unborn Plaintiff, 1965, 63 Mich.L.R. 579, 593–595.

Accordingly, we conclude that a stillborn child is not a "person" under Mass. G.L. c. 229, § 2, and that therefore an action for wrongful death may not be maintained in this case. Defendants' motion to dismiss is granted.

---

1. This section provides: "A person who (1) by his negligence causes the death of a *person* (emphasis added) in the exercise of due care, or (2) by wilful, wanton or reckless act causes the death of a *person* (emphasis added) under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted * * * shall be liable in damages * * *."