Connolly, J.
The court on a motion for summary judgment reviews the evidence and its fair inferences in the light most favorable to the non-moving party. In this case where the moving party, the defendant, does not have the burden of proof at trial, summary judgment may be granted when the moving party shows that there is an absence of evidence to support any one element of the case or shows that the proof of any one element is unlikely to be forthcoming at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
Here we have a 22-year-old plaintiff who on the day of the accident, Thursday, December 3, 1998, was employed as a maintenance worker at the Radison Hotel. He had just received his pay check from his employer and had cashed it at the U.S. Trust Company. The defendant, Robert Leslie, saw the plaintiff about to cross Tremont Street. Mr. Leslie stopped to allow the plaintiff to cross the street and waved to the plaintiff to cross the street. The plaintiff waved back to Mr. Leslie and proceeded to cross the street, and immediately after getting beyond the front of Mr. Leslie’s vehicle, the plaintiff was struck by a City of Boston tow truck operated by George Arcand. The plaintiff Garrett P. Gennelly was very badly injured.
The key issue here involves whether a driver’s signaling to a pedestrian to cross the road creates a jury issue in negligence (against the signaling party) where a third party strikes the person who was waived across the road and where the “waved” person immediately crossed, after the signal, in front of the waver’s vehicle and in the approximate next lane. There is only one Massachusetts case on the issue, namely, Amy Woods v. Roger O’Neil, 54 Mass.App.Ct. 768 (2002). There the pedestrian who was struck, after being waved across the street, was a 14-year-old teenager. In Woods, supra at page 774, the Court states that “[a] more difficult question would have been raised if the girls were adults.” The Court indicated in Woods that the case should have been submitted to the jury and that the jury could consider (1) the age of injured persons, (2) the truck vehicle’s stopping and blocking the view of the plaintiff of the other vehicle, (3) the rush hour conditions, (4) the signaling as described by Mr. Leslie and the plaintiffs acknowledgment and the plaintiff immediate crossing after the signal, both in the front of the van and in the next lane. Wood, supra at 774-75.
Therefore, the issue of whether an adult may recover in a similar situation is left open under Woods v. O’Neill, supra. Here the defendant in essence is saying that since the injured person here was 22 years old, there should be no cause of action. This Court believes that a pedestrian’s specific age alone should not be a sole determinative of whether a case has been made out for submission to the jury. For example, an elderly person with difficulty walking should not be excluded because he is 80 years old, and a person with a severe disability should not be excluded from the right to recover merely because of his age. Age, which certainly should be taken into consideration by a jury, should be but one of many other factors that the jury may consider. Massachusetts jurors should not be underestimated for their combined knowledge and common sense in deciding cases such as this one.
*161 Here, we have a 22-year-old person, who had finished his work day, had just cashed his weekly paycheck and was attempting to cross the street. There may well be conditions, e.g. the weather, the lighting, how long he had worked that day, how tired he was, etc. that a jury may well find to be relevant on the issue of duty, negligence, and causal relationship. To allow this case to be decided on the age of the plaintiff alone without considering all the other relevant factors would be unfair and unjust. For example, prior to Mone, Administrator v. Greyhound Lines, 368 Mass. 354 (1975), the rule in Massachusetts since Dietrich v. Northampton, 138 Mass. 14 (1884), had been that there was no right to recover for the injury or death of a viable fetal child unless the child was born alive. The Court as recently as 1973 in Leccesse v. McDonough, 361 Mass. 64, 67 (1972), had attempted to justify the logic of its rule by stating that such a rule was “sensible and easily administered . . . under our statute.” In Mone, supra, at 361, the Court stated that “a rule fixing survival as the determination rather than viability [of the fetus] . . . has the appeal of simplicity . . . and ’’might aid the judiciary, but hardly justice."
So too in the present case, drawing the strict rule between minors and adults, without considering all the other factors involved would be arbitrary and unfair. As stated above, such a rule might have the appeal of simplicity, “might aid the judiciary, but hardly justice.”
This case will have to be tried against the City of Boston under chapter 258, and it simply does not make sense to grant a summary judgment to the defendant Leslie. While this case may be a close one on the law, the Court is of the opinion from a standpoint of proper judicial administration that both claims should be tried once, and then the issue can be dealt with on a motion for judgment notwithstanding the verdict, if necessary and appropriate. That way, there will be only one trial and one appeal. It just does not make any sense to try the case against the City of Boston and to have the case against Robert Leslie go up on appeal, with the probable result of being sent back for a second trial as to the defendant, Robert Leslie.
ORDER
After hearing, Motion for Summary Judgment is DENIED.