387 N.W.2d 42 (1986)
In the Matter of the CERTIFICATION OF A QUESTION OF LAW FROM the UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION, Pursuant to the Provisions of SDCL 15-24A-1, and Concerning Federal Action Civ. 84-4002, Titled as Follows:
Mary FARLEY, Individually and as Special Administratrix of the Estate of Marlin Holdorf, deceased, Plaintiff,
v.
MOUNT MARTY HOSPITAL ASSOCIATION, INC., d/b/a Sacred Heart Hospital, Defendant.
No. 15176.
Supreme Court of South Dakota.
Argued March 18, 1986.
Decided May 7, 1986.
Gary D. Jensen of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for plaintiff; Michael D. Stevens of Blackburn & Stevens, Yankton, on brief.
Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant; Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.
HENDERSON, Justice.
This Court set a briefing schedule and hearing by Order dated December 2, 1985. *43 We accept this case for ruling of an issue presented by certification filed by the Honorable John B. Jones, Judge, United States District Court, District of South Dakota, Southern Division, all pursuant to our state statute, SDCL 15-24A-1.
The sole question presented for our resolution is this: Did SDCL 21-5-1, prior to its 1984 amendment, provide a cause of action for the wrongful death of a viable unborn child? We determine that such an action is maintainable.
This case arises from the stillborn birth of Marlin Holdorf. It appears that on January 24, 1982, Marlin's mother, Mary Farley, was admitted to the Sacred Heart Hospital in Yankton, South Dakota, experiencing difficulties with her pregnancy, which was in the third trimester. The attending physician ordered continuous monitoring of the vital signs of Ms. Farley and the unborn child within her womb. Ms. Farley was placed in a room and apparently forgotten.[1] The next day, January 25, 1982, Ms. Farley's child was stillborn.
Suit was filed in Federal District Court by Ms. Farley, individually and as Special Administratrix of the Estate of Marlin Holdorf, alleging, inter alia, the wrongful death of her unborn child. South Dakota's wrongful death statute, SDCL 21-5-1, at the time this cause of action arose, read as follows:
Whenever the death or injury of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereto, if death had not ensued, then and in every such case, the corporation which, or the person who, would have been liable, if death had not ensued, or the administrator or executor of the estate of such person as such administrator or executor, shall be liable, to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony; and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person.
On July 1, 1984, SDCL 21-5-1 was amended to read:
Whenever the death or injury of a person, including an unborn child, shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereto, if death had not ensued, then and in every such case, the corporation which, or the person who, would have been liable, if death had not ensued, or the administrator or executor of the estate of such person as such administrator or executor, shall be liable, to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony; and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person. However, an action under this section involving an unborn child shall be for the exclusive benefit of the mother or the lawfully married parents of the unborn child. (1984 Amendment underlined.)
Emphasis is placed upon different portions of the initial phrases of SDCL 21-5-1 by the parties to support their contentions that such an action is or is not maintainable. Defendant emphasizes the fact that SDCL 21-5-1 pertains to the death or injury of a person, while plaintiff emphasizes that portion of the statute which reads "and the act, neglect, or default is such as would have entitled the party injured to *44 maintain an action and recover damages in respect thereto, if death had not ensued[.]" Defendant asserts that an unborn child is not a person within the meaning of SDCL 21-5-1, and that a wrongful death action cannot be prosecuted based on the death of an unborn child. Defendant further asserts that because wrongful death actions did not exist at common law, but instead are creatures of statute, this Court should strictly construe SDCL 21-5-1 to not include unborn children within the meaning of "person"; further, it is asserted the statute's 1984 amendment evidences the Legislature's intent not to create an action for the death of an unborn child until 1984, which amendment was after this cause of action arose. We reject defendant's contentions and determine that SDCL 21-5-1 creates a cause of action for the death of a viable unborn child, even prior to the 1984 amendment thereof.
The clear, overwhelming, and growing majority of jurisdictions in this country, permit wrongful death actions to be maintained for the death of a viable unborn child.[2] At present, thirty-three jurisdictions permit such actions, while ten jurisdictions do not.[3] Although the reasons and rationales for permitting such actions are somewhat varied, as relevant to SDCL 21-5-1, sixteen jurisdictions have determined that a viable unborn child is a person within the meaning of their wrongful death statute, see Summerfield, 698 P.2d 712 (identical statute to SDCL 21-5-1); Greater Southeast Community Hospital, 482 A.2d 394 (similar statute); Mitchell, 285 S.W.2d 901; Odham, 198 A.2d 71 (identical statute); Mone, 331 N.E.2d 916; Rainey, 72 So.2d 434; O'Grady, 654 S.W.2d 904; White, 458 P.2d 617 (identical statute); Salazar, 619 P.2d 826; Hopkins, 359 N.W.2d 862 (identical statute); Werling, 476 N.E.2d 1053 (identical statute); Libbee, 518 P.2d 636; Presley, 365 A.2d 748 (identical statute); Fowler, 138 S.E.2d 42 (identical statute); Vaillancourt, 425 A.2d 92; and Kwaterski, 148 N.W.2d 107 (identical statute); and four jurisdictions have upheld the validity of such actions based on the language which plaintiff emphasizes above, see Chrisafogeorgis, 304 N.E.2d 88 (identical statute to SDCL 21-5-1); Hale, 368 P.2d 1 (identical statute); O'Neill, 188 N.W.2d 785 (identical statute); and White, *45 458 P.2d 617 (identical statute). See also, Summerfield, 698 P.2d 712 (identical statute); Volk, 651 P.2d 11; Verkennes, 38 N.W.2d 838; O'Grady, 654 S.W.2d 904; Salazar, 619 P.2d 826; Hopkins, 359 N.W.2d 862 (identical statute); Evans, 550 P.2d 924; and Fowler, 138 S.E.2d 42 (identical statute).
Wrongful death statutes are remedial in nature, designed to bridge a void in the common law, and therefore are to be construed so as to accomplish their objective of providing a cause of action against those whose tortious conduct causes the death of another. Odham, 198 A.2d at 73; Hopkins, 359 N.W.2d at 865; Amadio, 501 A.2d at 1087; 22 Am.Jur.2d Death §§ 5 and 6 (1965). See also, SDCL 2-14-12. With this interpretive principle in mind, we read the 1984 amendment as not changing or altering the basic substance of SDCL 21-5-1, but, rather, as providing clarification on how the statute is to operate. Olson v. Pulaski Common Sch. Dist. of Faulk County, 77 S.D. 416, 419, 92 N.W.2d 678, 680 (1958). We hold that SDCL 21-5-1, as it existed prior to the 1984 amendment, provided a cause of action for the death of a viable unborn child. In so holding, we determine the rationale and reasoning of the majority cases cited herein to be generally persuasive. However, because the 1984 amendment of SDCL 21-5-1 makes South Dakota law explicitly clear on this point, and because our ruling on this set of facts will affect but a handful of cases that may or could be pending in circuit courts, we deem an exhaustive dissertation of our reasoning to be unnecessary.
We do note, of the majority cases cited herein, that twenty-nine jurisdictions rule explicitly concerning viable unborn children, while one concerns a full-term child, one concerns a child which is quick, and one concerns an eight-and-one-half-month pregnancy. Louisiana is the unaccounted for case and that state does not refer to viability vel non. Basically, the rationales of the majority cases are: (1) A viable unborn child is a person; (2) since the child could maintain an action for prenatal injuries if it lived, the wrongful death statute permits suits when it does notalthough South Dakota has not decided this question, the clear majority allows children to sue for infliction of prenatal injuries; (3) it is illogical to permit suits when the unborn child lives and not when the unborn child dies; (4) the tortfeasor, who causes death, should not be rewarded by providing immunity from suit, and then punish the tortfeasor who does not cause death, by allowing suit for injuries proximately caused; (5) medical technology has advanced to such extent that such actions should be permissible; (6) damages are a matter of proof at trial and are not different from other difficult damage issues; and (7) the common law has grown and now permits such actions.
Accordingly, we answer the Honorable John B. Jones' question in the affirmative, as reflected above.
CERTIFIED QUESTION ANSWERED.
All the Justices concur.
NOTES
[1] These circumstances are more egregious than the facts in Vaillancourt v. Medical Center Hospital, 139 Vt. 138, 425 A.2d 92 (1980). In Vaillancourt, the expecting mother, who was an increased labor risk, was abandoned for three and one-half hours without medical care and attention. Here, it appears that Ms. Farley was abandoned overnight although she and her unborn child were to be continually monitored.
[2] See Eich v. Town of Gulf Shores, 293 Ala. 95, 300 So.2d 354 (1974); Summerfield v. Superior Court, Maricopa County, 144 Ariz. 467, 698 P.2d 712 (1985); Hatala v. Markiewicz, 26 Conn. Supp. 358, 224 A.2d 406 (1966); Worgan v. Greggo & Ferrara, Inc., 50 Del. 258, 128 A.2d 557 (1956); Greater Southeast Community Hospital Williams, 482 A.2d 394 (D.C.App.1984); Porter v. Lassiter, 91 Ga.App. 712, 87 S.E.2d 100 (1955); Volk v. Baldazo, 103 Idaho 570, 651 P.2d 11 (1982); Chrisafogeorgis v. Brandenberg, 55 Ill.2d 368, 304 N.E.2d 88 (1973); Britt v. Sears, 150 Ind.App. 487, 277 N.E.2d 20 (1971); Hale v. Manion, 189 Kan. 143, 368 P.2d 1 (1962); Mitchell v. Couch, 285 S.W.2d 901 (Ky.1955); Danos v. St. Pierre, 402 So.2d 633 (La.1981); State ex rel. Odham v. Sherman, 234 Md. 179, 198 A.2d 71 (1964); Mone v. Greyhound Lines, Inc., 368 Mass. 354, 331 N.E.2d 916 (1975); O'Neill v. Morse, 385 Mich. 130, 188 N.W.2d 785 (1971); Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634 (1949); Rainey v. Horn, 221 Miss. 269, 72 So.2d 434 (1954); O'Grady v. Brown, 654 S.W.2d 904 (Mo.1983); White v. Yup, 85 Nev. 527, 458 P.2d 617 (1969); Poliquin v. MacDonald, 101 N.H. 104, 135 A.2d 249 (1957); Salazar v. St. Vincent Hospital, 95 N.M. 150, 619 P.2d 826 (1980); Hopkins v. McBane, 359 N.W.2d 862 (N.D.1984); Werling v. Sandy, 17 Ohio St.3d 45, 476 N.E.2d 1053 (1985); Evans v. Olson, 550 P.2d 924 (Okla.1976); Libbee v. Permanente Clinic, 268 Or. 258, 518 P.2d 636 (1974); Amadio v. Levin, 501 A.2d 1085 (Pa.1985); Presley v. Newport Hospital, 117 R.I. 177, 365 A.2d 748 (1976); Fowler v. Woodward, 244 S.C. 608, 138 S.E.2d 42 (1964); Nelson v. Peterson, 542 P.2d 1075 (Utah 1975); Vaillancourt v. Medical Center Hospital, 139 Vt. 138, 425 A.2d 92 (1980); Moen v. Hanson, 85 Wash.2d 597, 537 P.2d 266 (1975); Baldwin v. Butcher, 155 W.Va. 431, 184 S.E.2d 428 (1971); and Kwaterski v. State Farm Mutual Auto. Ins. Co., 34 Wis.2d 14, 148 N.W.2d 107 (1967).
[3] The jurisdictions not permitting such actions are: Justus v. Atchison, 19 Cal.3d 564, 139 Cal.Rptr. 97, 565 P.2d 122 (1977); Hernandez v. Garwood, 390 So.2d 357 (Fla.1980); Dunn v. Rose Way, Inc., 333 N.W.2d 830 (Iowa 1983); Kuhnke v. Fisher, 683 P.2d 916 (Mont.1984); Egbert v. Wenzl, 199 Neb. 573, 260 N.W.2d 480 (1977); Graf v. Taggert, 43 N.J. 303, 204 A.2d 140 (1964); Endresz v. Friedberg, 24 N.Y.2d 478, 301 N.Y.S.2d 65, 248 N.E.2d 901 (1969); Gay v. Thompson, 266 N.C. 394, 146 S.E.2d 425 (1966); Hogan v. McDaniel, 204 Tenn. 235, 319 S.W.2d 221 (1958); and Lawrence v. Craven Tire Co., 210 Va. 138, 169 S.E.2d 440 (1969).