Timothy BURNS

v.

CITY OF AUGUSTA.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1987.

Decided March 10, 1987.

Berman, Simmons & Goldberg, P.A., William D. Robitzek (orally) Paul F. Macri, Lewiston, for plaintiff.

Sanborn, Moreshead, Schade & Gifford Joseph J. Wathen (orally), Augusta, for defendant.

Before McKUSICK, C.J., and
ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Timothy Burns (Burns) appeals from an order of the Superior Court, Kennebec County, dismissing with prejudice his complaint against the City of Augusta (City) for damages incurred in an automobile accident. On appeal, Burns contends the Superior Court erred in concluding that the City's insurance policy does not cover his claim and the City is therefore immune from suit. We agree with the Superior Court and affirm the judgment.

I.

In December 1983, Timothy Burns was injured in an automobile accident at an intersection in Augusta. He filed a complaint against the City for damages alleging in Count I that the City's negligent failure to place a stop sign at the intersection was the proximate cause of his injuries and in Count II that the lack of a stop sign was a defect that resulted in the claimed injuries and damages.

On motion of the City the court dismissed Count I with prejudice on the ground of governmental immunity. The court dismissed Count II without prejudice on a motion by Burns.

At the time of the accident, the City had liability insurance purchased from the Home Insurance Company. The policy contains an exclusion entitled "Non-Premium Endorsement, Endorsement No. 11" which states in part:

> It is agreed that the Liability Insurance is subject to the following additional provisions:
>
> 1. The insurance *does not* apply to bodily injury or property damage arising out of:

(a) the ownership, maintenance, supervision, operation, use or control of streets, including sidewalks, highways or other public thoroughfares, bridges, tunnels, culverts, storm or sanitary sewers, decorations on or in the vicinity of public thoroughfares, traffic signs or signals, or parking meters, but this exclusion does not apply to bodily injury or property damage which arises out of and occurs during the performance of construction, street cleaning and repair operations or arises out of the maintenance or use of sidewalks which abut buildings covered by this policy;

The Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1986) grants all governmental entities immunity from suits on tort claims seeking recovery of damages except as otherwise expressly provided by statute. Section 8103(2)(J) specifically grants immunity for:

Any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights, parking meters and guardrails....

Section 8116 permits cities to purchase liability insurance and provides that "[i]f the insurance provides coverage in areas where the governmental entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage."

### II.

The sole issue on appeal is whether the City's insurance policy provides coverage for the injuries incurred by Burns. At oral argument, counsel for Burns conceded that if the insurance policy does not provide coverage the City is immune from suit. The construction and interpretation of unambiguous insurance provisions are matters of law for the court. *Banker's Life Insurance Co. of Nebraska v. Eaton*, 430 A.2d 833, 834 (Me.1981).

Burns alleges the absence of a stop sign at the intersection caused his injuries. Endorsement No. 11 of the policy specifically excludes coverage for bodily injuries arising out of "the ownership, maintenance,. supervision, operation, use or control of streets including ... traffic signs." The City's failure to place a stop sign at the intersection is part of "ownership," "supervision," and "control" of streets. Burns's injuries are excluded from coverage by this language.

We agree with the trial court's conclusion that the City does not have insurance coverage for Burns's injuries. Therefore, the City is immune from suit under section 8103(2)(J) of the Maine Tort Claims Act.

The entry is:

Judgment affirmed.

All concurring.