STATE OF MAINE                              SUPERIOR COURT
KENNEBEC, SS.                               CIVIL ACTION
                                            DOCKET NO. CV-20-70


ACADIA INSURANCE CO., subrogee of
William T. Gardner & Sons,

        Plaintiff,

                                          **DECISION AND ORDER**

        v.

STATE OF MAINE, DEPARTMENT OF
TRANSPORTATION,

        Defendant.


## INTRODUCTION

The matter before the court is Defendant Maine Department of Transportation (MDOT)'s motion for summary judgment. MDOT asserts that it is entitled to summary judgment because Plaintiff Acadia Insurance Co. (Acadia) failed to provide proper notice of its tort claim under the Maine Tort Claims Act (MTCA).

## FACTUAL & PROCEDURAL BACKGROUND

There does not appear to be a genuine issue of material fact about the following.

On November 29, 2018, a collision occurred between an MDOT plow truck and a vehicle insured by Acadia. Within 180 days following the incident, Acadia sent a notice of claim demanding $54,783.67 in damages allegedly caused by the collision. The notice was addressed to MDOT's liability insurer, the Risk Management Division of the Maine Department of Administrative and Financial Services (Risk Management). Acadia also sent a copy of the notice to the Attorney General. Risk Management ultimately denied Acadia's claim.

MDOT has submitted an affidavit stating that MDOT never received a copy of a notice of claim from Acadia. *See* O'Connor Aff. Acadia has not generated evidence refuting these statements.

On May 26, 2020, Acadia filed a complaint in this court alleging that MDOT is liable for the damages caused by the November 29, 2018 collision. On September 2, 2020, MDOT moved for summary judgment. Acadia filed its opposition on September 22, 2020, and MDOT replied on October 6, 2020. Pursuant to M.R. Civ. P. 7(b)(7), the court will decide this matter without oral argument.

## DISCUSSION

Summary judgment is appropriate if, reviewing the evidence in the statements of fact and record references in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(a), (c); *Platz Assocs. v. Finley*, 2009 ME 55, ¶ 10, 973 A.2d 743 (internal citations omitted). A fact is material if "it has the potential to affect the outcome of the suit." *Id.* "A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Id.* To withstand a motion for summary judgment, the non-moving party must present sufficient admissible evidence to establish a prima facie case for each element of the claim or defense. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897.

The resolution of MDOT's summary judgment motion requires the court to decide whether Acadia satisfied the notice requirements of the MTCA. MDOT asserts that Acadia did not comply with the MTCA, arguing that "Acadia's failure to file a notice of claim with MDOT is a fundamental inadequacy that bars Acadia's claim." Def.'s Mot. for Summ. J. at 4.[1]

---

[1] MDOT also asserts that Acadia's notice of claim was defective because it failed to satisfy the various form requirements of section 8107(1)(A-E), namely, that it failed to adequately identify the claimant and did not contain a concise statement of the nature and

2

In its Opposition to Defendant's Motion for Summary Judgment, Acadia does not dispute that it never sent a copy of a notice of claim to MDOT. Pl.'s Opp'n to Summ. J. at 7, 9-10. Rather, Acadia argues that its notice substantially complied with the MTCA, that the "legislative intent of the notice requirement was [] satisfied," and that there was no prejudice to MDOT due to the "Department [] not reciev[ing] the actual notice." Pl.'s Opp'n to Summ. J. at 6-10.

Under the MTCA, governmental entities are immune from suit "[e]xcept as otherwise expressly provided by statute." 14 M.R.S. § 8103(1). Claims brought under the MTCA, "therefore, rest[] solely upon statutory authority and must comply with those conditions imposed by statute." *Faucher v. Auburn*, 465 A.2d 1120, 1124.

"Plaintiffs who seek to hold a governmental unit and employee liable must first meet a procedural requirement of notifying the unit of the intention to bring a claim." *Peters v. City of Westbrook*, 2001 ME 179, ¶ 5, 787 A.2d 141. The notice provisions of section 8107 provide in relevant part:

> **1. Notice requirements for filing**. Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
>
> **A.** The name and address of the clamant, and the name and address of the claimant's attorney or other representative, if any;
>
> **B.** A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

---

extent of the injury claimed to have been suffered. The court is not inclined to agree with MDOT on these assertions. Nevertheless, in light of the court's conclusion that Acadia's complete failure to provide a notice of claim to MDOT itself bars its complaint, it is unnecessary for the court to definitely decide whether the contents of the notice of claim sent to Risk Management and the Attorney General's Office substantially complied with section 8107.

3

**C.** The name and address of any governmental employee involved, if known;

**D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and

**E.** A statement of the amount of monetary damages claimed.

. . .

### 3. Notices.

**A.** If the claim is against the State or an employee thereof, copies of the notice shall be addressed to and filed with the state department, board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General.

. . .

**4. Substantial notice compliance required.** No claim or action shall be commended against a governmental entity or employee . . . unless the foregoing notice provisions are substantially complied with. A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby. . . .

14 M.R.S. § 8107.[2]

"The purpose of the notice requirement is to enable the governmental entity to investigate and evaluate claims for purposes of defense or settlement." *Pepperman v. Barrett*, 661 A.2d 1124, 1126 (Me. 1995). "The Legislature intended thereby to allow governmental entities to avoid needless expense and litigation by providing an opportunity for amicable resolution of disputes prior to formal litigation." *Id.*

---

[2] The legislature recently amended section 8107 to extend the timeframe for filing notice to 365 days following accrual of the claim. L.D. 492 (129th Legis. 2019). The amendment applies only to claims that accrue on or after January 1, 2020. *Id.* § 3. Because Acadia's claim accrued on November 29, 2018, the amended statute does not apply and the former version of the statute controls.

4

The Law Court has held that "failure to comply with the notice provision bars the claim, unless (1) the errors in a plaintiff's notice constitute mere inaccuracies, and (2) the governmental entity is unable to show prejudice." *Deschenes v. City of Sanford*, 2016 ME 56, ¶ 12, 137 A.3d 198 (internal citation and quotation marks omitted). In other words, the court "must [] determine[] whether the error(s) in plaintiff's notice constitutes merely 'inaccuracies' which do not impair substantial compliance or whether the error(s) are more fundamental." *Faucher v. Auburn*, 465 A.2d 1120, 1123 (Me. 1983). "If the former, the governmental entity must show prejudice of a nature sufficient to bar the claim; if the latter, the notice may be held invalid." *Id.*

In this case, Acadia did not substantially comply with the notice requirements of section 8107 because it failed to send a notice of claim to MDOT. That failure was "fundamental," so MDOT need not show prejudice. *Id.*; *Pepperman v. Barrett*, 661 A.2d 1124, 1127 (Me. 1995) (a "governmental entity must show prejudice only when the errors in the notice amount to mere inaccuracies."). The plain language of section 8107(3)(A) makes notice upon the "department . . . whose act . . . is said to have caused the injury" (i.e. MDOT) a mandatory condition. 14 M.R.S. § 8107(3)(A). And while section 8107(4) expressly affords leeway to plaintiffs who do not satisfy the form requirements of section 8107(1)(A-E)—making it clear that a claim "shall not be held invalid ... by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise"—the statute affords no similar leeway to those who fail to notify the governmental entities designated in section 8107(3)(A). 14 M.R.S. § 8107(3)(A), (4).

Moreover, in keeping with the language of the statute, the Law Court has stated that the "substantial compliance" exception does not excuse an untimely notice, but rather "is properly invoked only when the notice, although timely filed or excused from timely filing because of good cause, is defective in some other

respect such as the failure to satisfy the form requirements of § 8107(1)(A-E)." *Kelly v. Univ. of Me.*, 623 A.2d 169, 172 (Me. 1993) *quoting Erickson v. State*, 444 A.2d 345, 350 (Me. 1982). Failing to notify MDOT constitutes a fundamental error that deprives an entire governmental entity of timely, statutorily-mandated notice; it is not the type of error in "form" that should be excused by substantial compliance. Indeed, the Law Court has considered the failure to notify the proper governmental entity to be fatal in several cases, including a case where the plaintiff notified a city's insurer instead of the city itself. *Bruno v. Lewiston*, 570 A.2d 1221, 1222 (Me. 1990) (concluding that summary judgment in favor of the city was appropriate where the plaintiff had communications with the city's insurer, but failed to send a timely notice of claim to the city); *Smith v. Sch. Admin. Dist. No. 58*, 582 A.2d 247, 249 (Me. 1990) (in action against school district, summary judgment in favor of school was appropriate where none of the statutorily-designated officials were notified and only the school's bookkeeper received notice).

The importance of notifying MDOT, the department allegedly at fault, becomes even more apparent when the notice provisions are read in conjunction with other provisions of the MTCA. Pursuant to section 8109, the "head of the department or agency against which the claim is filed" must approve all settlements over $1500. 14 M.R.S. § 8109(1)(B). Evidently, the Legislature contemplated that the department subject to the claim play an important role in the pre-lawsuit "investigat[ion] and evaluat[ion] [of] claims for purposes of defense or settlement." *Pepperman,* 661 A.2d at 1126. Notice, therefore, is necessary to allow the department to evaluate the settlement potential of the claim and intelligently approve or reject any settlement package.[3]

---

[3] Section 8109's requirement that the head of the department subject to the claim approve settlements over $1500 undermines Acadia's contention that Risk Management

6

Acadia relies on *Robinson v. Washington Cnty.*, 529 A.2d 1357 (Me. 1987), to support its contention that it substantially complied with section 8107. Pl.'s Opp'n to Summ. J. at 6-7. In *Robinson*, the Law Court held that "[t]he plaintiff's failure to notify the governmental entities listed in Rule 4(d)(4) is not so fundamental as to require that the notice be held invalid." *Robinson*, 529 A.2d at 1360. But *Robinson* is distinguishable in that it involved an action against a political subdivision, not the state. *See id.* at 1358-60. Accordingly, the notice provision at issue in *Robinson* was section 8107(3)(B), which requires notice to be "filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision." 14 M.R.S. § 8107(3)(B); *Robinson*, 529 A.2d at 1359. Under these circumstances, the *Robinson* court held that service upon the county sheriff (the real party in interest) constituted substantial compliance with section 8107(3)(B), even though the plaintiff did not comply with Rule 4. 529 A.2d at 1360. *Robinson*, however, had nothing to say about what would constitute substantial compliance with section 8107(3)(A)—the provision at issue in this case. Moreover, *Robinson* involved a situation where notice was given to an official within the political subdivision, just not the correct official. The case did not address a situation where, as here, the plaintiff entirely failed to serve *any official within* one of the state entities entitled to notice. Thus, the court does not consider *Robinson* controlling

Additionally, Acadia argues that despite its failure to notify MDOT, it satisfied the legislative purposes underlying the MTCA by notifying the Attorney General and Risk Management. Pl.'s Opp'n to Summ. J. at 8. The court disagrees. Notice to the department allegedly at fault is essential to fulfill the MTCA's

---

was in a position to "'deal with the plaintiff's claim'"—which involved a demand for $54,783.67 in damages. Pl.'s Opp'n to Summ. J. at 7.

purposes, including the prompt settlement of claims without resort to expensive litigation. *Pepperman*, 661 A.2d at 1126. The notice requirement accomplishes this purpose by ensuring the claim is initially considered by the department whose employee allegedly caused the damage. That department will have the best information about the underlying incident. As such, the department's involvement encourages better-informed decisions regarding the settlement potential of a claim and contributes to a more expeditious resolution of meritorious claims without the need to go to court. Moreover, requiring notice to the relevant department *and* the Attorney General encourages pre-lawsuit coordination between the two governmental entities, creating greater efficiencies in the process. Thus, early involvement of the department, achieved through the filing of a timely notice of claim, is essential to "allow governmental entities to avoid needless expense and litigation by providing an opportunity for amicable resolution of disputes prior to formal litigation." *Pepperman*, 661 A.2d at 1126. Acadia's failure to timely notify MDOT frustrated the purposes of the MTCA.

## CONCLUSION

The court concludes that Acadia did not substantially comply with the notice requirements of section 8107 because it failed to file a timely notice of claim with the "department . . . whose act . . . is said to have caused the injury." Acadia's failure to provide proper notice bars its claims against MDOT.

The entry is:

Defendant's Motion for Summary Judgment is GRANTED.

DATED: October 30, 2020

William R. Stokes
Justice, Maine Superior Court

Entered on the docket 10/30/2020

8